## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **Land and Buildings Located at 4 Partridge Hill Road,** ) | **CIVIL NO. 06-CV-401-JD** |
| **Newfields, New Hampshire, with all Appurtenances and** ) | |
| **Improvements thereon, owned by David Russo and** ) | |
| **Lisa Russo, et als.** ) | |
| ) | |
| **Defendants-in-rem.** ) | |
| ) | |

## ORDER FOR INTERLOCUTORY SALE OF LAND AND BUILDINGS LOCATED AT 4 PARTRIDGE HILL ROAD, NEWFIELDS, NEW HAMPSHIRE, AND LAND AND BUILDINGS LOCATED AT 22 OVERLOOK DRIVE, NEWFIELDS, NEW HAMPSHIRE

Having reviewed the Motion for Interlocutory Sale of Land and Buildings Located at

4 Partridge Hill Road, Newfields, New Hampshire, and Land and Buildings Located at

22 Overlook Drive, Newfields, New Hampshire,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   Property located at 4 Partridge Hill Road, Newfields, New Hampshire

   A.   The defendant *in rem* property, Land and Buildings Located at 4 Partridge Hill

Road, Newfields, New Hampshire, with all Appurtenances and Improvements Thereon, Owned

by David Russo and Lisa Russo, shall be sold at an interlocutory sale pursuant to the terms set

forth in the Motion for Interlocutory Sale;

B.   David Russo, Lisa Russo, and Federal Home Loan Mortgage Corporation, will execute promptly any documents which may be required to complete the interlocutory sale of the defendant *in rem* property;

C.   The net proceeds from the sale of the defendant *in rem* property will include all money realized from the sale of the defendant property, except for the following expenses, which shall be paid at the time of closing from the proceeds of the sale:

1.   Real estate commissions, if any;

2.   The amounts due to lienholder, Federal Home Loan Mortgage Corporation, pursuant to a mortgage evidenced by documents recorded at the Rockingham County, New Hampshire, Registry of Deeds, at Book 4032, Page 2281;

3.   Real estate property taxes which are due and owing;

4.   Insurance costs, if any;

5.   Escrow fees;

6.   Document recording fees not paid by the buyer;

7.   Title fees;

8.   Transfer taxes.

D.   The net proceeds realized from the sale of the defendant *in rem* property shall be provided as a "substitute *res*" for the defendant *in rem* property named in this lawsuit, and *at the time of the closing,* shall be paid into an escrow account of the United States Marshal's Service pending further order of the Court;

E.   David Russo will retain custody, control, and responsibility for the defendant *in rem* property, will retain existing hazard and homeowners' insurance on the defendant *in rem*

property, will maintain the structure and grounds in a manner consistent with offering the property for sale, and will keep current on all expenses required by federal, state and local law (including real property taxes) for a period of up to 120 days from the date of this order or until the interlocutory sale has been completed, whichever occurs earlier.

2.    Property located at 22 Overlook Drive, Newfields, New Hampshire

A.    The property, Land and Buildings Located at 22 Overlook Drive, Newfields, New Hampshire, with all Appurtenances and Improvements Thereon, Owned by David Russo and Lisa Russo, shall be sold at an interlocutory sale pursuant to the terms set forth in the Motion for Interlocutory Sale;

B.    In furtherance of the interlocutory sale, David Russo and Lisa Russo agree to execute promptly any documents which may be required to complete the interlocutory sale of the property at 22 Overlook Drive, Newfields, New Hampshire;

C.    The net proceeds from the sale of the property at 22 Overlook Drive, Newfields, New Hampshire will include all money realized from the sale of the property, except for the following expenses, which shall be paid at the time of closing from the proceeds of the sale:

1.    Real estate commissions, if any;

2.    Amounts due to lienholders of public record;

3.    Real estate property taxes which are due and owing;

4.    Insurance costs, if any;

5.    Escrow fees;

6.    Document recording fees not paid by the buyer;

3

       7.    Title fees;

       8.    Transfer taxes.

       D.    The net proceeds realized from the sale of the property at 22 Overlook Drive, Newfields, New Hampshire shall be provided as a "substitute *res*", and *at the time of the closing*, shall be paid into an escrow account of the United States Marshal's Service pending further order of the Court;

       E.    David Russo will retain custody, control, and responsibility for the property at 22 Overlook Drive, Newfields, New Hampshire, will retain existing hazard and homeowners' insurance on the property, will maintain the structure and grounds in a manner consistent with offering the property for sale, and will keep current on all expenses required by federal, state and local law (including real property taxes) for a period of up to 120 days from the date of this order or until the interlocutory sale has been completed, whichever occurs earlier.

Dated:  August 7, 2007         /s/Joseph A. DiClerico, Jr.
                                  Joseph A. DiClerico, Jr
                                  United States District Court Judge

4